1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEAH D.,

                      Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

Case No. C22-6007 RSM

**ORDER REVERSING AND
REMANDING FOR FURTHER
PROCEEDINGS**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  Plaintiff contends the ALJ erred at step three by rejecting her symptom testimony and by rejecting the medical opinions of (1) Dr. Zolnikov, (2) Dr. Widlan, (3) Dr. Ernst, and (4) Dr. Addison.  Dkt. 13.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 32 years old, has at least a high school education, and has worked as an animal caretaker.  Admin. Record (AR) 29–30.  On December 11, 2019, Plaintiff applied for benefits, alleging disability as of January 1, 2017.  AR 85–86, 100–01.  Plaintiff later amended her alleged onset date to March 29, 2019.  AR 15, 41.  Plaintiff's applications were denied initially and on

reconsideration.  AR 98, 113.  After the ALJ conducted a hearing on November 4, 2021, the ALJ

issued a decision finding Plaintiff not disabled.  AR 12–78.

**DISCUSSION**

1.      **Step Three**

At step three, the ALJ must determine if a claimant has an impairment that meets or

equals the impairments included in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).  20 C.F.R.

§§ 404.1520(d), 416.920(d).  The claimant bears the burden of demonstrating that he or she

medically equals each of the individual criteria for each particular listing.  *Kennedy v. Colvin*,

738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)).  A

claimant cannot rely on overall functional impact, but must demonstrate that the impairment

equals each criterion in the Listing.  *Id.*

In this case, the ALJ determined Plaintiff did not meet Listings 12.02 (neurocognitive

disorders), 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-

compulsive disorders), 12.11 (neurodevelopmental disorders), and 12.15 (trauma- and stressor-

related disorders).  AR 19–21.  The ALJ explained Plaintiff did not satisfy each Listing's

"paragraph B" criteria, which consist of the following areas of mental functioning: (1)

understanding, remembering, or applying information, (2) interacting with others, (3)

concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself.  20 C.F.R.

Pt. 404, Subpt. P, App. 1, 12.02, 12.04, 12.06, 12.11, 12.15.  Specifically, the ALJ found

Plaintiff was only moderately limited in the third area of concentrating, persisting, or

maintaining pace.  AR 20.  Plaintiff takes issue with the ALJ's "paragraph B" assessment and

argues the ALJ ignored records of her "distractibility, tangential thought process, depressed and

anxious presentations," and argues they prove her limitation in this area is more than just

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 2

1   moderate.  *See* Dkt. 13 at 3.

2            The Listings above require a finding that a claimant has one extreme limitation, or two

3   marked limitations, in the "paragraph B" criteria,[1] but Plaintiff only disputes the ALJ's finding

4   relating to one specific area—concentrating, persisting, or maintaining pace— not any of the

5   other "paragraph B" criteria.  *Id*.  Therefore, to find that the ALJ erred, Plaintiff must show she

6   had an extreme limitation in the ability to concentrate, persist, or maintain pace.  *See* 20 C.F.R.

7   Pt. 404, Subpt. P, App. 1, 12.02, 12.04, 12.06, 12.11, 12.15.

8            The record does not support such a finding.  A claimant has an extreme limitation in a

9   "paragraph B" criteria if he or she is not able to function in that criteria at all.  20 C.F.R. Pt. 404,

10   Subpt. P, App. 1, 12.00(F)(2)(d), (e).  The evidence cited by both Plaintiff and the ALJ shows

11   that while Plaintiff had difficulties with concentration and pace, Plaintiff was also found to have

12   logical, linear, and coherent thought process.[2]  Such findings do not show Plaintiff was not capable

13   of functioning in this particular mental area, therefore Plaintiff has not shown the ALJ committed a

14   harmful error at step three.

15            **2.    Plaintiff's Testimony**

16            Plaintiff testified to having pain in her lower leg and having difficulties with walking,

17   standing, lifting, using her hands, and bending.  AR 48–54.  She stated she can only walk for five

18   minutes and stand for a lesser amount of time.  AR 51–52.  Plaintiff testified she cannot squat or

19   climb stairs.  AR 54.  She stated her mother has to assist her with her personal care, including

20

21   [1] A claimant can meet or equal Listings 12.02, 12.04, 12.06, 12.15 by satisfying each listing's "paragraph A" and
    "paragraph B" criteria, or alternatively, each listing's "paragraph A" and "paragraph C" criteria.  20 C.F.R. Pt. 404,

22   Subpt. P, App. 1, 12.02, 12.04, 12.06, 12.15.  The ALJ also found Plaintiff did not meet the "paragraph C" criteria
    for these Listings, but Plaintiff did not challenge this part of the ALJ's decision.  AR 20–21.

23   [2] *See* AR 1346, 1370, 1373, 1376, 1768, 1946, 1952, 1955, 1982, 1991, 2006, 2009, 2012,, 2018, 2021, 2024, 2027,
    2033, 2036, 2039, 2042, 2045, 2048, 2051, 2154,, 2142, 2144, 2147, 2150, 2153, 2158, 2160, 2163, 2165, 2167,
    2170, 2178, 2183, 2188, 2209.

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 3

showering.  AR 57.  She stated she cannot vacuum, clean dishes, or do laundry, and her mother has to cook or microwave her food.  AR 56–59.  She testified that due to her anxiety, depression, and panic attacks, she has difficulties with focusing and concentrating and she is not able to do "simple things," such as going outside the house for a walk and interacting with others. AR 62–63, 66.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ generally rejected Plaintiff's testimony because it was inconsistent with her self-reported activities.  AR 26.  Specifically, the ALJ noted that in contrast to her statements at the hearing, Plaintiff herself reported being able to walk her dog with her mother, manage her personal care, perform household chores, and spend time with her dad and her two friends.  AR 306–13.  "[A claimant's] daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'"  *Smartt*, 53 F.4th at 499 (quoting *Molina*, 674 F.3d at 1113).  Plaintiff's ability to partake in these activities directly contradicts her statements that she is unable to look after herself, perform simple household chores, or interact with others. Thus, in rejecting Plaintiff's testimony, the ALJ did not err.

The ALJ also rejected Plaintiff's testimony for other reasons, but by providing at least one valid reason that is supported by substantial evidence, the Court need not assess whether those

reasons are erroneous.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 3.    Medical Opinion Evidence

#### a.    Dr. Zolnikov

Dr. Zolnikov completed a psychological evaluation in September 2019 and opined Plaintiff has mostly marked to severe limitations in performing basic work activities.  AR 1767.

When weighing medical opinion evidence, the ALJ is required to consider its supportability, that is, the relevant objective medical evidence and the supporting explanations presented by the medical source to justify their opinion.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  In this case, the ALJ found Dr. Zolnikov's proposed marked and severe limitations for Plaintiff's ability to follow instructions, maintain attendance, learn new tasks, take appropriate precautions, communicate in a work setting, and complete a workday without interruptions, contradicted by the results of the mental status examination he administered.  AR 25.  The ALJ noted that although Dr. Zolnikov opined Plaintiff had severe limitations in understanding, remembering, and persisting in tasks, Dr. Zolnikov also found Plaintiff had intact recent and remote memory, though her concentration was not within normal limits.  AR 1769–70.  The ALJ also noted that despite Dr. Zolnikov's opinion that Plaintiff had marked and severe limitations in asking for assistance and communicating and performing effectively, Plaintiff was nonetheless found cooperative, goal-directed with linear thought process, and adequate insight.  *Id*.  Similarly, Dr. Zolnikov opined Plaintiff had a marked limitation in taking appropriate precautions, yet Dr. Zolnikov also found her judgment intact "given that she stated an adaptive

response to a dangerous scenario." AR 25, 1769.  Overall, the limitations proposed by Dr. Zolnikov were undermined by the results of Plaintiff's mental status examination, therefore the ALJ could reasonably reject Dr. Zolnikov's opinion for its lack of supportability.

### b.    Dr. Widlan

Dr. Widlan completed a psychological evaluation in June 2021 and found that based on Plaintiff's mental status examination, Plaintiff is unable to accept instruction or persist in adequate pace, would become easily overwhelmed by simple task demands, and cannot negotiate simple social stressors on a consistent and routine basis. AR 1787.  Dr. Widlan also found Plaintiff has "considerable deficits in activities of daily living." *Id*.  Dr. Widlan opined Plaintiff "clearly meets the mental health criteria listings for depression and anxiety, as well as possibly for AD/HD." *Id*.

Dr. Widlan's opinion regarding Plaintiff meeting the Listings is "evidence that is inherently neither valuable nor persuasive." 20 C.F.R. §§ 404.1520b(c)(3)(iv), 416.920b(c)(3)(iv).  Thus, even if the ALJ provided an erroneous reason for rejecting this portion of Dr. Widlan's opinion, such error would be harmless because the ALJ was not required to provide any analysis about how these particular statements factored into the ALJ's overall determination. *See id*.

The ALJ also permissibly rejected the rest of Dr. Widlan's opinion because it was inconsistent with other medical evidence, including Dr. Zolnikov's exam findings and Plaintiff's activities. AR 28.  When weighing a medical opinion, the ALJ must consider its consistency with evidence from other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  As discussed above, Plaintiff's recent and remote memory were found to be intact, and she was observed as cooperative, goal-directed with linear thought process, adequate

insight, and intact judgment.  AR 1769–70.  As also discussed, Plaintiff's self-report indicated

she was not so limited that she could not walk, manage self-care, perform household chores, or

interact with others.  AR 306–13.  Given that both Dr. Zolnikov's examination results and

Plaintiff's self-report undermine Dr. Widlan's opinion, the ALJ could reasonably reject it for its

lack of consistency with Plaintiff's record.

The ALJ also rejected the medical opinion of Dr. Widlan for other reasons, but by

providing at least one valid reason that is supported by substantial evidence, the Court need not

assess whether those reasons are erroneous.  *See Carmickle*, 533 F.3d at 1162.

### c.     Dr. Ernst

A neuropsychological consultation with Dr. Ernst in September 2018 revealed Plaintiff

had severe deficits in attention and concentration functions, learning and recalling new

information, word findings and verbal fluency, visuals-spatial problem solving, and organization

and planning.  AR 403.

Though Dr. Ernst's findings were discussed as part of the ALJ's evaluation of Plaintiff's

testimony, the ALJ did not address or evaluate it as a medical opinion.  AR 23.  This was not

harmful error.  As Defendant points out, a medical opinion consists of a medical source's

"judgments about the nature and severity of [the claimant's] impairment(s), including [the

claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite [his or

her] impairment(s), and [the claimant's] physical or mental restrictions."  20 C.F.R. §§

404.1527(a)(1), 416.927(a)(1).  Dr. Ernst's findings, while extensive as to Plaintiff's cognitive

issues, does not provide an assessment as to what Plaintiff is able to do, despite those cognitive

issues.  *See* AR 400–04.  Accordingly, the ALJ was not required to address it as a medical

opinion.

1          d.      Dr. Addison

2          Dr. Addison completed a questionnaire prepared by Plaintiff's counsel in January 2021

3   and opined that due to Plaintiff's physical and mental conditions, such as chronic pain and

4   fibromyalgia, Plaintiff needs to elevate her left leg to heart level for one to two hours, two to

5   three times a day, and at unpredictable times to reduce swelling.  AR 1779–80.  Dr. Addison also

6   opined Plaintiff is limited to standing and walking less than one hour a day and is only able to sit

7   upright for less than one hour a day.  AR 1780.  Dr. Addison further opined Plaintiff needs to

8   recline about two hours a day, requires one or more 15-minute unscheduled breaks throughout a

9   day, and can be expected to be absent from work three or more days a month.  AR 1781.

10         The ALJ rejected Dr. Addison's opinion for several reasons, but none are supported by

11  substantial evidence.  The ALJ first found the opinion unpersuasive because it lacked proper

12  "objective or diagnostic findings" to support Dr. Addison's proposed limitations.  AR 27.  When

13  weighing medical opinion evidence, the ALJ is required to consider its supportability, that is, the

14  relevant objective medical evidence and the supporting explanations presented by the medical

15  source to justify their opinion.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  Though Dr.

16  Addison's opinion was exclusively expressed in the questionnaire, Plaintiff's record contains

17  numerous records from Dr. Addison that could reasonably serve as objective basis for the

18  limitations proposed in the questionnaire.  *See* AR 2238–2556.  Thus, in rejecting Dr. Addison's

19  opinion for its lack of supportability, the ALJ erred.  *See also Garrison v. Colvin*, 759 F.3d 995,

20  1013 (9th Cir. 2014) (finding error when an ALJ rejects an opinion in a check-box form when

21  the ALJ fails to recognize that the opinion is based on a physician's "significant experience"

22  with a claimant and is supported by numerous records).

23         The ALJ also rejected Dr. Addison's opinion because it was inconsistent with his own

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 8

findings from that same month, which show Plaintiff only had tenderness throughout her extremities and was sensitive to touch.  AR 27, 2447.  But the questionnaire implies the answers were made in consideration of Plaintiff's functionalities since her alleged onset date of March 29, 2019.  AR 1781.  As Dr. Addison's opinion was not constricted to a specific month, the ALJ's finding of inconsistency between Dr. Addison's proposed limitations and the physician's findings from Plaintiff's January 2021 appointment was not a valid reason to reject Dr. Addison's opinion.

Finally, the ALJ rejected Dr. Addison's opinion because it was inconsistent with other evidence in Plaintiff's record showing full muscle strength in her upper and lower extremities, intact sensations, normal reflexes, and normal gait.  AR 27.  When weighing a medical opinion, the ALJ must consider its consistency with evidence from other medical and nonmedical sources.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  Here, the ALJ specifically cited Plaintiff's appointment with Dr. Addison in August 2020, but ignored numerous other treatment records— both from Dr. Addison and other medical sources—of Plaintiff consistently testing positive for overall body, back, and extremity pain.  AR 2296, 2342, 2375, 2395, 2473, 2503, 2542.  Given Plaintiff's fibromyalgia, such reports are especially important to consider.  The Ninth Circuit has held that an ALJ errs when relying on a claimant's "normal muscle strength, tone, and stability, as well as a normal range of motion" to reject a medical opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017).  The ALJ's reliance on Plaintiff's normal physical examination findings, therefore, was not a sufficient reason to reject Dr. Addison's opinion.  Accordingly, the Court finds the ALJ erred.

### 4.    Scope of Remand

Plaintiff suggests this case should be remanded for an award of benefits.  Dkt. 8 at 8.

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 9

1    Remand for an award of benefits "is a rare and prophylactic exception to the well-established

2    ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth

3    Circuit has established a three-step framework for deciding whether a case may be remanded for

4    an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to

5    provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759 F.3d at 1020).

6    Second, the Court must determine "whether the record has been fully developed, whether there

7    are outstanding issues that must be resolved before a determination of disability can be made,

8    and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc.*

9    *Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks

10   omitted).  If the first two steps are satisfied, the Court must determine whether, "if the

11   improperly discredited evidence were credited as true, the ALJ would be required to find the

12   claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the

13   third step and credits [the improperly rejected evidence] as true, it is within the court's discretion

14   either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d

15   at 1045 (citing *Treichler*, 773 F.3d at 1101).

16        The Court has found the ALJ erred in evaluating the medical opinion of Dr. Addison.  As

17   this consequently affects the ALJ's assessment of Plaintiff's RFC, the ALJ's error creates

18   "serious doubt as to whether the claimant is, in fact, disabled." *Burrell*, 775 F.3d at 1141. The

19   Court, therefore, exercises its discretion to remand this case for further proceedings.

20                                            **CONCLUSION**

21        For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

22   case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

23   405(g).

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 10

On remand, the ALJ should reevaluate the medical opinion of Dr. Addison.

DATED this 17th day of July, 2023.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS - 11